(62 South. 945.)

No. 19,536.

GUNN v. TREMONT LUMBER CO.

(June 30, 1913.)

*(Syllabus by the Court.)*

MASTER AND SERVANT (§ 281*) — INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE.

Questions of fact only are presented in this case.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

Appeal from Fifth Judicial District Court, Parish of Winn; H. P. Gamble, Special Judge.

Action by W. H. Gunn against the Tremont Lumber Company. From judgment for defendant, plaintiff appeals. Affirmed.

Wear & Jones, of Jena, for appellant. Stubbs, Russell & Theus, of Monroe, for appellee.

SOMMERVILLE, J. Plaintiff appeals from a judgment dismissing his suit sounding in damages for the death of his unmarried son, caused by the alleged fault and negligence of the defendant company, its agents and employés.

The petition alleges that the deceased was a foreman of a skidder crew, in the employ of the defendant company, that he was so employed at the time of the accident, and that he was then engaged in assisting in drawing logs from the forest to the railroad of the defendant. The negligence charged against defendant is that it employed an incompetent and inexperienced signalman, without advising the deceased of his incompetency, and that the accident resulted from an erroneous signal given by said signalman.

It appears from the record that it was the duty of the signalman, after receiving the proper signal from the foreman of the skidder crew, to repeat the signal to the engineer, who was operating a drum, which is a part of the skidder. The skidder is a mechanical contrivance built on a railroad car, resembling an ordinary flat car; it consists in part of a revolving drum, which is propelled by steam power. To this drum is attached a long cable; this cable winds onto the drum when the drum is operated in one direction, and unwinds when the movement is reversed. To the other end of this cable is attached a pair of tongs, which are hooked into the log which is to be drawn to the railroad track. The loading is done as follows: A laborer, known as the rider, drags the tong end of the said cable into the woods where the logs are, as the drum revolves so as to unwind. When the logs to be loaded are reached, another laborer, known as the tong hooker, hooks the before-described tongs into the end of the log to be drawn to the skidder. The proper signal is given, the movement of the drum is reversed, and as the cable is wound around the drum, the log is drawn towards the skidder, and finally upon the car, which stands on the railway track in front of the skidder.

The operation of a skidder is always attended with danger. In the matter under consideration, the log which was being drawn by the cable became jammed against an oak tree, and the signal to stop was given. Thereupon deceased, as foreman, personally directed that the cable be released from the tongs, which were fastened to the end of the log; caused the cable to be placed around a small pine tree, which was about 15 feet from the end of the log being skidded in; this being for the purpose of pulling the end of the log behind the oak tree. After the cable had been passed around the small pine, it was again attached to the tongs in the jammed log, and deceased thereupon gave a signal, either to drum puller directly, or to the signalman, named Nathan Joe, who repeated it; and when the machine started, the small pine was not strong enough to

stand the force, and it was pulled down, falling upon and killing the deceased. He died within a short time thereafter.

There is some contradiction in the testimony; but we are of the opinion that the preponderance of the evidence is in favor of the narrative given above, and that defendant was without fault or neglect in the premises.

It is quite clear that the deceased personally gave the signal to start the machinery which pulled the tree down and caused his death. It is argued by plaintiff that his son, the deceased, after having given the signal to start, gave another signal to slow down, and that this last signal was not properly transmitted by the signalman to the engineer in charge of the drum. But, this position is not sustained by the evidence. Besides, other evidence in the record indicates that it would have been physically impossible for the signalman to have given a signal after the pine tree began to fall; the time was too short. And, it is also testified that the deceased himself gave the signal to the engineer.

The trial judge, who saw the witnesses and heard all of the testimony, found for the defendant; and, as the case presents questions of fact only, we are not disposed to disturb his ruling. After a careful examination of the record we have come to the same conclusion as did the trial judge. He said that it is not made clear in this case that the man who was transmitting the signals from the deceased and the tong hooker to the drum puller was an incompetent person for the business. Again, it is not clearly shown that it was through his inexperience or error that the injury occurred.

Pretermitting this question and a discussion of the contradictory evidence in reference to various phases of the case, we come to the conclusion that skill on the part of the signalman had little to do with the accident. On the contrary, the cause appears to have been an error of judgment on the part of the deceased himself, either as to the strength of the pine tree around which he put his side line, or as to the power that would be required to move the jammed log.

The court is forced to the conclusion that the power which was applied to the cable around the pine tree pulled that tree down on the deceased before he could get out of the way or could give a signal to stop the drum.

The deceased was in a dangerous place, and one he would not have been in, no doubt, had he known, or had he had any idea whatever, that the pine tree would be pulled down.

Judgment affirmed.